STATE OF LOUISIANA
v.
Dr. Bertrand A. O. TYSON.
Crim. A. No. 1585.

United States District Court
E. D. Louisiana,
Baton Rouge Division.
May 10, 1965.

Murphy W. Bell, Baton Rouge, La., for Dr. Bertrand A. O. Tyson.

Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., Parish of East

Baton Rouge, Baton Rouge, La., for the State of Louisiana.

WEST, District Judge.

Defendant, Bertrand A. O. Tyson, has been charged in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, with the violation of a state criminal statute pertaining to the unauthorized use of a movable. This charge, preferred by way of bill of information filed by the office of the District Attorney of the Parish of East Baton Rouge, Louisiana, pertains to an alleged violation of the criminal statutes of the State of Louisiana, particularly, LSA–Revised Statutes 14:68. Defendant is charged with having used an automobile belonging to Avis Rent-A-Car, without authority of the owner, and the owner of the vehicle, through its president, Roy B. Bowers, is the complaining witness. When arraigned in the state court, defendant, through counsel, pleaded not guilty. Thereafter, defendant filed a motion to quash and an application for a bill of particulars. The trial court denied the motion to quash, and when the application for the bill of particulars came on for hearing, the District Attorney voluntarily agreed to furnish the defendant all of the information requested. This was done, and the information requested was filed in the record. After the defendant's motion to quash was denied, he filed a petition to remove the case from the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to this court, ostensibly pursuant to the provisions of Title 28 U.S.C. § 1443. A motion to remand was then filed by the State of Louisiana, and it is that motion which came on for hearing before this court on May 6, 1965. After hearing arguments of counsel, the court granted the motion to remand, and now assigns the following reasons therefor.

The defendant Tyson is a Negro resident of Plaquemine, Louisiana, who has been active in the civil rights movement in this area. The present criminal charge against him, i. e., unauthorized use of a movable, has nothing whatsoever to do with civil rights. Nevertheless, the defendant contends that he cannot get a fair trial on this charge in the courts of the State of Louisiana. The removal petition filed in his behalf is a hodge-podge of nonsense. For example, defendant, who is merely charged under the state law with the offense of having used an automobile without the consent of its owner and with having refused to return the vehicle after having been requested to do so, all in violation of the laws of the State of Louisiana, and particularly in violation of LSA–R.S. 14:68, now claims in his removal petition that if he is *tried* for this offense in a state court, it will deprive him of the exercise of his right of freedom of speech, of his right to freely assemble, of his right to petition the Government for the redress of grievances, of the privileges and immunities guaranteed by the United States Constitution, of his right to disseminate information concerning the means of registering to vote, and of his right to urge Negroes to register to vote. He further contends that if he is *convicted* of having violated the state law making it a crime to use a movable without the owner's permission, then such a conviction will "punish him for the exercise of rights, privileges and immunities secured him by the Federal Constitution." His apparent contention is that the United States Constitution guarantees him the right to the unauthorized use of a movable.

Defendant then proceeds to enumerate five additional reasons why he cannot get a fair trial in the state court. These reasons include (1) state court judges are elected and the majority of voters in East Baton Rouge Parish are white persons; (2) Negroes are generally systematically excluded from juries; (The present case pending in the state court is not a jury case, nor has the defendant requested trial by jury.) (3) defendants charged with *civil rights* violations in this Parish usually receive maximum sentences; (4) Negro witnesses are usually addressed

by their first name in state courts; and (5) the community is hostile to Negroes.

Ordinarily such a "shotgun" attack on the courts of this Parish and State would not warrant serious comment by this court. But since it is now apparent that the new tactic being employed by counsel representing Negro defendants in this area is to attempt to remove to the federal court every criminal case filed in the state courts against a member of the Negro race, some comment and observation on this practice seems warranted.

Title 28 U.S.C.A. 1443 provides:

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

"(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

■ This statute, pursuant to the provisions of which defendant has attempted to remove this case to the federal court, has consistently been interpreted by the courts to provide the right of removal, particularly in civil rights cases, where, because of some provision of the state constitution or laws, a person is prevented from asserting or protecting his constitutionally protected rights in the state court, or is, because of such legal impediment, unable to obtain a fair determination thereof. The mere fact that there may be some local, individual prejudice against a defendant, unconnected with any state statute or constitutional provision, does not necessarily give rise to a right of removal. In the instant case, there is no allegation by the defendant that there is any state statute or state constitutional provision which would in any way prevent him from asserting his federally guaranteed rights or from receiving a fair trial in the state court wherein he is charged. Nor could he validly have made such an assertion. The alleged consequences to the defendant of a trial and conviction in the state court are almost too ridiculous to warrant comment. There is simply no connection between those allegations and the crime with which this defendant is charged.

■ As for the five specific reasons listed why defendant says he cannot get a fair trial in the state court in this case, little need be said. As Judge Kaufman of the United States Court of Appeals for the Second Circuit has said "Judges are not forbidden to know as judges what they see as men." It would be difficult indeed to find a court, state or federal, which has any more diligently performed its duties in an unbiased, impartial manner, regardless of the nature of the case, or the color of the litigant's skin, than have the state courts of this Parish. There is no state law to prevent the defendant from receiving a fair trial in the state courts of this Parish, and there is absolutely no showing, nor could there be, of any failure on the part of the District Attorney of this Parish, or on the part of the State Court Judge to whom this case was assigned, to perform their duties in an honorable, unbiased, fair, and impartial manner. If defendant has any legitimate reason to allege or claim that the trial judge or the district attorney in this case are biased or prejudiced to the extent of being unable to afford him a fair trial, he is amply protected by the provisions of Louisiana law pertaining to recusation of judges and district attorneys where bias, prejudice, or personal interest are present. The record of the state court proceedings thus far in this matter clearly shows that every right of this defendant has been zealously protected and preserved by the trial judge. The only complaint defendant

really has is that the trial judge refused to grant his motion to quash, and thus dismiss the suit against him. If the trial judge was wrong in this regard, the defendant is amply protected by the appellate procedures available to him. This court is of the opinion that there is only one real objective in filing this removal petition and the many similar ones recently filed in this court. That objective is the complete frustration of the state courts in their administration of the criminal laws of the State of Louisiana, particularly in cases where the defendants are members of the Negro race. This objective was clearly identified when the court asked defense counsel, in open court, if it were not true that his real objective was to have all Negroes charged with crime, regardless of the nature of the crime, tried in federal courts and thus relieve the state courts completely of all jurisdiction over such cases, and he replied "that is pretty close to it."

This "Rage to Remove," Time Magazine, October 30, 1964, p. 88, is simply one more step in the carefully prepared plan of those who would finally eliminate the last vestige of state sovereignty. This latest tactic obviously goes far beyond any sincere effort to protect civil rights. It is designed to completely deprive the various states of the administration of their criminal laws. The next step will obviously be an attempt to include in the area prohibited to the states the administration of their civil laws. If that could be accomplished, the transition would be complete.

■ This Court simply cannot, under the guise of protecting civil rights, aid and abet such an obvious attempt to use the United States Constitution itself as an instrument by which the same Constitution may ultimately be completely destroyed. The protection of federally guaranteed civil rights is one thing; the virtual scrapping of the United States Constitution is quite another. The constitutionally guaranteed rights of all persons, regardless of their race, creed or color, must be diligently preserved and protected, and this court will use every *legitimate* means at its disposal to do so. But such protection by the courts must just as zealously be confined to that provided for and allowed within the framework of the Supreme Law of the Land, the United States Constitution. Little indeed would be accomplished by using improper means to protect civil rights today, only to destroy tomorrow the very form of government which provides those rights.

■■ Giving lip service to the Constitution is not enough. Its provisions must be regarded as gospel. The exigency of the moment affords no justification for placing strained and unnatural interpretations on otherwise clear and unambiguous language. Under the Constitution, the Congress of the United States has the power to determine the jurisdiction of the federal courts. This jurisdiction has been clearly defined and set forth by various acts of Congress. Title 28 U.S.C. § 1443 provides for the removal, under certain circumstances, of certain specific types of actions from the state court to the federal court. This court is bound by those provisions. It has no right to ignore them nor to enlarge upon their scope in the name of civil rights. All powers not delegated specifically by the Constitution to the United States are, by the very terms of the Constitution itself, reserved to the states or to the people. This provision is clear and unambiguous. The right of the federal courts to initially hear matters pertaining to alleged violations of state criminal statutes is not one of those rights granted to the federal courts either by the United States Constitution or by any act of Congress, unless, pursuant to the provisions of Section 1443, it is shown that the state court defendant is, by reason of some state law, deprived of his right to enforce his federally protected rights in the course of his trial in the state court. Until such a showing is made, there is, of course, no right of removal to the federal court. People of State of New York v. Galamison et al., 342 F.2d 255 (CA2–January 26, 1965).

The courts of the State of Louisiana have an absolute, constitutional right to try persons for violation of state criminal statutes. They also have an absolute, constitutional duty to see that all defendants tried before them are fully protected in all of their constitutionally guaranteed rights. As long as the state courts perform that duty and afford all people, regardless of race, creed, or color, a fair and impartial trial, the federal courts cannot deprive them of that right. This court cannot assume that a defendant will be unfairly treated in the state court. Indeed, it must assume the contrary. Until the defendant can show some state law or constitutional provision which would deprive him of the fair trial to which he is entitled in the state court, this court simply has no jurisdiction over such a case. If, in fact, his rights are not preserved and protected by the state court, the defendant then has access to the federal courts for a review of the state court proceedings. He does *not* have the right to be initially tried in the federal court.

There being no showing whatsoever that the defendant was entitled to remove this matter from the state court to this court, the motion to remand filed by the state was granted.

At the time the motion to remand was granted, the defendant asked that this court issue a stay order staying further prosecution in the state court until such time as this matter could be reviewed on appeal. At the time, there having been no objection made by the state to the stay order, the stay order was granted. However, the court is now of the opinion that the issuance of the stay order was in error. If stay orders in all of these criminal cases which have been removed, and are being removed to this court are granted, the result, i. e., complete frustration of the state court in its administration of its criminal laws, would be almost as completely accomplished as would be the case if this court allowed the removal petitions to stand. While the Court is fully cognizant of the fact that the Civil Rights Act of 1964 amended Title 28 U.S.C. § 1447 (d) to provide that when an action is removed to the federal court under Section 1443, an order remanding the case to the state court from which it was removed is reviewable by appeal. But the fact that it is so reviewable does not mean that in all instances an order staying further proceedings in the state court until the appeal is completed is required. In a case such as this, where the removal is clearly not justified under the provisions of Section 1443, no such stay order should be granted, and accordingly, the court has issued an order recalling and rescinding the stay order previously issued herein.