453 So.2d 1216 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Danny CARRIER, Defendant-Appellant.
No. CR 83-1102.
Court of Appeal of Louisiana, Third Circuit.
May 16, 1984.
*1217 Jerry P. Harmon, Crowley, for defendant-appellant.
Glenn Foreman, Asst. Dist. Atty., Crowley, for plaintiff-appellee.
Before CUTRER, STOKER and KNOLL, JJ.
STOKER, Judge.
After waiving his right to trial by jury, defendant, Danny Carrier, was convicted of attempted manslaughter and sentenced to a term of six years in the custody of the Department of Corrections. The maximum available penalty is ten and one-half years. He appeals his sentence claiming that it is excessive, that the trial judge did not comply with LSA-C.Cr.P. art. 894.1, and that the presentence investigation should have been made a part of the record. We affirm.
The incident from which this conviction resulted occurred on the night of December 17, 1982. Defendant and the victim, Dirk Olivier, were in a bar in Church Point, Louisiana. The victim objected to defendant dancing with his girl friend, Linda Satler, and when the victim punched the defendant, Ms. Satler fell and cut her head. The victim and a friend, Michael Tillman, then left the bar with Ms. Satler to take her to the hospital. Defendant followed the party out of the bar and tried to prevent them from taking Ms. Satler away. A fistfight ensued between the victim and the defendant which was broken up by Mr. Tillman. Apparently both victim and defendant wished to continue fighting, so Mr. Tillman released the victim from his grasp. During the course of this third altercation, the victim received critical stab wounds. The defendant fled the scene.
We will consider defendant's assignments of error regarding excessiveness and compliance with Article 894.1 together.
It is well settled that the trial court need not articulate every aggravating and mitigating circumstance under LSA-C.Cr.P. art. 894.1 if the court indicates that it has considered those guidelines in particularizing the sentence to the offender. State v. Howard, 414 So.2d 1210 (La.1982). In this case the trial judge noted that he had studied the presentence report very carefully. The trial judge then stated, "The Court feels that now is the time to call your attention to the way to live, that you cannot go around and escape the consequences of your acts.... You must understand that the way you are going now is a dead end." He noted further that the injuries incurred by the victim in this case were very severe and the defendant was fortunate the victim lived. Although the trial judge was brief, we find that he adequately complied with the requirements of Article 894.1.
In addition, we note that the trial judge was the trier of fact in this case, and in his reasons for finding defendant guilty, it is apparent that he was fully aware of the mitigating circumstances urged by defendant in this appeal. Although the victim struck the first blow, that altercation had ended. The defendant followed the victim out of the bar and fought with him again after Mr. Tillman had separated the two. In his reasons for judgment, the trial court stated, "But under these circumstances, there is no justification for the use of the knife and to use it so competently." (The victim was stabbed seven or eight times.)
In any event, we do not find that the sentence imposed in this case is "apparently severe" to the extent that it would require a remand. See State v. Jones, 381 So.2d 416 (La.1980). The defendant in this case used unreasonable force, inflicting critical injuries on the victim, and he failed to take advantage of two clear opportunities to walk away from the conflict. A six-year sentence in this case where the maximum available sentence is ten and one-half years is not apparently severe and is not an abuse of the wide discretion accorded a trial judge in sentencing.
In regard to the presentence investigation, defendant makes only the following argument on appeal:

*1218 "It must also be noted that it is impossible to review the mitigating circumstances in this matter because the presentence investigation has not been made part of the record."
LSA-C.Cr.P. art. 877 protects the confidentiality of presentence investigation reports; however, it provides that "the court may advise the defendant or his counsel of the factual contents and conclusions of any pre-sentence investigation report." There is no requirement that the report be entered into the record for review on appeal, nor does the record show that defense counsel made any such request. In fact, there is no allegation that defendant requested that the report be made part of the record or that he be allowed access to it. Absent such a request, there is no error in not making the report a part of the record. State v. Boone, 364 So.2d 978 (La.1978), cert. den. 444 U.S. 825, 100 S.Ct. 46, 62 L.Ed.2d 31 (1979). Defendant also makes no claim that the report contained false information prejudicial to him which would entitle him to access. See State v. Bindom, 410 So.2d 749 (La.1982).
Finding no reversible error, we affirm defendant's sentence.
AFFIRMED.