476 So.2d 1184 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Cecil COTTINGIN, Defendant-Appellant.
No. CR85-227.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1985.
*1185 Lee Gallaspy, Lafayette, for defendant-appellant.
Charles Brandt, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before GUIDRY, LABORDE and KING, JJ.
KING, Judge.
The issues presented by this appeal are whether or not the trial judge properly followed the sentencing guidelines of Louisiana Code of Criminal Procedure Article 894.1, whether or not the trial court erred in relying on an improperly conducted presentence investigation and report, and whether or not the sentence is unconstitutionally excessive.
Defendant, Cecil Cottingin, (hereinafter Cottingin) was arrested and charged by a Bill of Information with Indecent Behavior with a Juvenile in violation of LSA-R.S. 14:81. Cottingin pled guilty to the crime as charged. Cottingin, through counsel, requested a pre-sentence investigation which was ordered by the Court. Upon completion of the pre-sentence investigation, a copy of the report was furnished to the Court and defense counsel. After reviewing the report and holding a sentence hearing, the trial judge sentenced Cottingin to five years imprisonment at hard labor.
Cottingin timely appeals the sentence asserting that the trial judge (1) failed to comply with the mandates of La.C.Cr.P. Art. 894.1 in that he failed to articulate the basis for the defendant's sentence; (2) erred in relying on what the defendant alleges was an improperly conducted presentence investigation and report; and (3) imposed an excessive sentence. We recall, vacate and set aside the sentence imposed and remand the case to the trial court for resentencing.

FACTS
On April 26, 1984 a District Judge of the Fifteenth Judicial District Court signed an arrest warrant for the arrest of Cecil Cottingin based on the affidavit of Lafayette Parish Sheriff Deputy Veda Latour. The warrant asserted that on April 22, 1984 Cottingin did commit sexual battery on Michell Mize, his 17 year old step-daughter, in violation of LSA-R.S. 14:43.1, and that on April 7, 1984, he did commit indecent behavior with a juvenile, his 14 year old natural daughter, Wileen Cottingin, in violation of LSA-R.S. 14:81.
Pursuant to the warrant, Cottingin was arrested in Gladwater, Texas on June 19, 1984. He waived his right to extradition proceedings and was returned to Lafayette on June 21, 1984.
On August 1, 1984, a bill of information was filed against Cottingin alleging that he committed one count of indecent behavior with a juvenile, his 14 year old natural daughter, Wileen Cottingin. On September 5, 1984, Cottingin entered a plea of guilty to that charge. Through his attorney he requested a pre-sentence investigation and report which was ordered by the trial court. After reviewing the pre-sentence report and holding a sentence hearing, the court sentenced Cottingin to five years imprisonment at hard labor.

*1186 ASSIGNMENT OF ERROR NUMBER 1
Cottingin's first assignment of error raises the issue of whether the sentencing judge adequately complied with the guidelines of La.C.Cr.P. Art. 894.1. The trial court must set out specific reasons for imposing an apparently severe sentence in relation to the particular offender and the particular offense. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Morgan, 428 So.2d 1215 (La.App. 3rd Cir.1983), writ denied 433 So.2d 166 (La.1983). It is not necessary for the trial court to articulate every factor presented in La.C.Cr.P. Art. 894.1, but the record must reflect that the trial court adequately considered them in particularizing the sentence to the defendant. State v. Morgan, supra. When there is an adequate factual basis for the sentence contained in the record, a trial court's failure to articulate every circumstance listed in La.C.Cr.P. Art. 894.1 will not necessitate a remand for sentencing. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Morgan, supra; State v. Perry, 470 So.2d 426 (La.App. 3rd Cir.1985).
There are two underlying purposes of the codal requirement that the sentencing court articulate the specific reasons based on particular facts and considerations for imposing a sentence. First, it ensures that the sentence is particularized to the defendant. State v. Murdock, 416 So.2d 103 (La.1982). In addition, it aids the reviewing court in the determination of whether the sentence imposed is excessive by providing an actual indication of whether the sentencing court adequately considered the statutory guidelines. State v. Murdock, supra; State v. Forshee, 395 So.2d 742 (La.1981); State v. Perry, supra.
The statutory maximum sentence for indecent behavior with juveniles is five years imprisonment at hard labor and a fine of $5,000.00. LSA-R.S. 14:81(C).
The sentencing judge ordered a presentence investigation and report. The transcript of the sentence hearing reflects that the sentencing judge and defense counsel reviewed the pre-sentence report. However, the pre-sentence report was not filed in the record or made a part of the record for this court to review.[1] The State has attached a copy of this report to its brief for our consideration. In a criminal case this Court has no authority to receive or review evidence not contained in the trial court record. State v. Oubichon, 422 So.2d 1140 (La.1982); State v. Augustine, 252 La. 983, 215 So.2d 634 (1968); State v. Williams, 454 So.2d 295 (La.App. 4th Cir.1984); State v. Smith, 447 So.2d 565 (La.App. 1st Cir.1985). At the sentence hearing, as the transcript reflects, defense counsel objected to the pre-sentence investigation report on the grounds that it was incomplete and was improperly written in a biased manner against the defendant. In response the sentencing judge merely stated:
"The Court has carefully considered the pre-sentence investigation report and obviously not everything that the probation officer uses is what would be admitted in a court of law. I know he quoted a LIFE article on how bad this problem is. The Court, considering the pre-sentence investigation, still feels that it should follow the recommendation as made by the Louisiana Department of Corrections' Division of Probation and Parole, and therefore, the Court will sentence the defendant to serve five years at hard labor...". (Tr. pages 52-53.)
The sentencing judge did not provide oral or written reasons for the sentence imposed. The transcript of the sentence hearing is totally devoid of any mention of aggravating facts or circumstances that would support the court's imposition of the sentence except the sentence recommendation contained in the pre-sentence investigation report. Though adequate justification for the imposition of this sentence may in fact exist, the record does not contain *1187 any mention whatsoever of it. For this reason, we find that the trial judge failed to adequately comply with the sentencing guidelines of La.C.Cr.P. Art. 894.1 and assignment of error number 1 has merit.

ASSIGNMENT OF ERROR NUMBER 2
Cottingin's second assignment of error concerns the sentencing court's reliance on what he considers an improperly conducted pre-sentence investigation and report. The defendant does not contend that the presentence report was in any way false or misleading. Instead, he only contends that the pre-sentence report was incomplete insofar as it did not consider factors which the defendant thought to be mitigating and was improper in that the tone of the presentence report was "biased" against the defendant.
It is entirely within the discretion of the court to order a pre-sentence investigation and report. La.C.Cr.P. Art. 875 A(1). A defendant has no constitutional right to demand a pre-sentence investigation. However, if a pre-sentence investigation is conducted and a report is compiled, the defendant is entitled to a fair and accurate report. State v. Lockwood, 439 So.2d 394 (La.1983). Due process and fairness require the sentencing court to disclose data unknown to the defendant upon which the court relies in imposing a sentence on the defendant. State v. Bosworth, 360 So.2d 173 (La.1978); State v. Underwood, 353 So.2d 1013 (La.1977). And while fundamental precepts of due process also require that a defendant be afforded an opportunity to rebut or explain prejudicial or erroneous information contained in a presentence investigation report, a full scale evidentiary hearing is not required where the defendant is given an opportunity to traverse or explain the information which he alleges is erroneous or prejudicial. State v. Parish, 429 So.2d 442 (La.1983).
In this case the transcript of the sentence hearing reflects the fact that defense counsel received the pre-sentence report before the hearing and reviewed it with the defendant. The court afforded defense counsel the opportunity to present evidence and to comment on or add to the pre-sentence report. Defense counsel took full advantage of this opportunity, re-emphasizing certain points listed in the report, adding to the information contained in the report, and pointing out the alleged weaknesses and bias of the report. Defense counsel had apparently also discussed some of these things with the sentencing judge prior to the hearing. The Court, after reviewing the pre-sentence investigation report, and after having taken into consideration the defendant's additions, explanations and rebuttals to the pre-sentence investigation report, sentenced Cottingin to five years imprisonment at hard labor.
As previously mentioned, the presentence investigation report is not a part of the record for review. It is the obligation of the appellant to bring his appeal properly before this Court. State v. Augustine, supra; State v. Morgan, 147 La. 205, 84 So. 589 (La.1920), cert. den. 253 U.S. 498, 40 S.Ct. 588, 64 L.Ed. 1032 (1920). However, since Cottingin does not contend that the report was in any way false or misleading, and in light of the fact that his attorney was provided with a copy of the pre-sentence investigation report and was given ample opportunity at the sentencing hearing to add to, rebut, correct or explain any portion of the report, he has no grounds for complaint. For these reasons this particular assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 3
For his final assignment of error, Cottingin contends that the sentence imposed upon him, five years imprisonment at hard labor, violates his constitutional rights under Article I, § 20 of the 1974 Louisiana Constitution in that it is an excessive sentence. The maximum sentence for the crime of indecent behavior with juveniles is five years imprisonment at hard labor with a fine of $5,000.00. LSA-R.S. 14:81(C).
*1188 Although a defendant's sentence falls within the statutory limits, it is judicially recognized that a sentence, although within statutory limits, may violate defendant's constitutional rights against excessive sentencing. State v. Sepulvado, supra; State v. King, 471 So.2d 1181 (La. App. 3rd Cir.1985); State v. LaGrange, 471 So.2d 1186 (La.App. 3rd Cir.1985). While the trial court has broad discretion in imposing sentences, that discretion is not unbridled. State v. Tilley, 400 So.2d 1363 (La.1981); State v. LaGrange, supra. The defendant's constitutional right against an excessive sentence is enforceable by a reviewing court. State v. Davis, 449 So.2d 452 (La.1984).
The standard on appeal for determining whether a sentence imposed by a trial court is unconstitutionally excessive has been established by this court as follows:
"[A] sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider `the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.' Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982)." State v. Morgan, 428 So.2d 1215, at page 1216 (La.1983).
The only fact appearing in the record which could possibly be used to justify the sentence imposed by the court is that the offense to which the defendant pled guilty was committed against his own 14 year old daughter. The only other facts or circumstances contained in the record which could have an effect upon the sentence are those which were asserted by defense counsel in the course of the sentence hearing, and these were mitigating in effect. Defense counsel's statement can be quoted in its entirety:
"Yes, Your Honor, there is. We would like to point out to the Court that Mr. Cottingin is, as the pre-sentence reflects, 42 years old. This is his first offense. The pre-sentence also points out that he has four other children to support, plus a wife who is equally dependent upon him.
We would suggest to the Court that the pre-sentence may have become improper, and the tone that I read from it has become one of advocacy and not of information. The parole officerparole and probation officer seems to stress the credibility of the victims in that they are not what they think is a proper sentence necessarily. In that sense, we feel that it is also incomplete and that later circumstances of the victim's stay with the child services protection agency is not mentioned. We point out to the Court that such a noted authority as LIFE Magazine is used to support the conclusions here.
There's been apparently no attempt to address the issue of alcohol abuse alleged by the victims, and that there's no apparentalthough one of the victims indicates that Mr. Cottingin's wife was equally involved in this on at least one of the offenses, there's been no effort to bring her into this as well.
We are of the opinion, Judge, at least I am, that a sentence of incarceration is not going to help restore this family, and that in consideration of the Code of Criminal Procedure 894.1, that subsections 7, 9, 10, and 11 would mitigate in favor of a probationary sentence." (Tr. pages 51-52.)
The sentencing court relied upon the presentence report in imposing sentence on the defendant. This pre-sentence investigation report was never filed in the record though it may in fact contain additional information. However, the trial court did not state for the record its considerations for the sentence imposed nor the facts *1189 upon which these considerations were based. For these reasons we are unable to determine whether or not the sentence is excessive. Not until the sentencing court, upon remand, provides specific reasons for imposition of the particular sentence and the facts and circumstances upon which they are based, can the question of any excessiveness of sentence be evaluated.
For these reasons, we vacate and set aside the sentence imposed and remand this matter to the district court for compliance with La.C.Cr.P. Art. 894.1 and resentencing in accordance with Art. 894.1 and the views expressed herein.
SENTENCE VACATED AND REMANDED FOR RESENTENCING.
NOTES
[1] Act 384 of 1985, effective September 6, 1985, has now amended La.C.Cr.P. Art. 877 to provide that a pre-sentence report shall be made a part of the record if a defendant seeks post-conviction relief on the grounds of excessive sentence.