485 So.2d 257 (1986)
STATE of Louisiana, Plaintiff-Appellee,
v.
Anthony Ray MALBROUX, Defendant-Appellant.
No. CR 85-533.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1986.
Rehearing Denied April 9, 1986.
Writ Denied June 20, 1986.
*258 Joe J. Tritico, Wilford D. Carter, Lake Charles, for defendant-appellant.
Richard D. Ieyoub, Dist. Atty., F. Wayne Frey, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before STOKER, DOUCET and YELVERTON, JJ.
STOKER, Judge.
Anthony Ray Malbroux was involved in a fight at a Lake Charles bar on August 20, 1983. After taking a beating, he was carried out of the bar and driven home. He returned to the bar about thirty minutes later, armed with a club and a gun. A second fight ensued in which Malbroux shot and killed David Vallier.
Malbroux was indicted by a grand jury for second degree murder. He pleaded not guilty. An agreement was reached wherein the State amended the charges to manslaughter. In return, Malbroux agreed to plead guilty to the lesser charge and enter into a joint sentence recommendation with the State of twenty-one years, the maximum sentence for manslaughter under LSA-R.S. 14:31. The agreement was presented to the judge, who accepted the guilty plea after determining that Malbroux understood that he was waiving certain rights. When the judge asked for the joint sentence recommendation, the following exchange took place:
"MR. FREY [Assistant District Attorney]: Your Honor, the recommendation in this case, there are, as Mr. Tritico [Defense Counsel] said, there are extenuating circumstances on both sides. The State has reduced the charge from murder to manslaughter, and there is a joint recommendation that the defendant be sentenced to serve twenty-one years with the Louisiana Department of Corrections.
"THE COURT: Well, do you have anything to say to that, Mr. Carter?
"MR. CARTER [Defense Counsel]: Well, Your Honor, we would like, notwithstanding the joint recommendation, we would like the Court to consider a pre-sentence investigation in this matter. It is a very unusual situation, and we would like for the Court to be aware of our extenuating circumstances not brought out in the ... the point made by Mr. Frey, and we would like to ask the Court to allow the defense to submit a memorandum and evaluation of the facts and evidence in this particular case.
"THE COURT: Mr. Malbroux, I didn't mention earlier to you what the possible sentence was. Of course, the maximum for manslaughter is twenty-one years, and with that in mind, are you still willing to go forward and plead guilty?
"MR. MALBROUX: Yes, sir.
"THE COURT: Well, if there are other extenuating facts, I certainly need to know them, if I'm to make some sort of intelligent decision as to this recommendation. I will order a pre-sentence report and...."
Counsel for the State made no comment at that time, but later two assistant district attorneys held a bench conference with the judge, after which Malbroux's case was *259 recalled. Mr. Frey objected to the presentence investigation, as it was unnecessary and inconsistent with the joint recommendation. Mr. Tritico, one of Malbroux's attorneys, argued that since the ordering of a presentence investigation was completely within the court's discretion, the agreement had not been breached by Mr. Carter's suggestion. After some discussion, the judge concluded that there was no meeting of the minds as to the terms of the agreement, and he set aside the guilty plea. The case was immediately set for trial before another judge, who reinstated the original second degree murder charge. At the end of a four-day trial a twelve-person jury unanimously found Malbroux guilty of second degree murder, which carries a mandatory sentence of life imprisonment without parole, probation or suspension.
Malbroux appeals, assigning errors focused mainly upon the dissolution of the plea agreement, and the subsequent second degree murder trial. We find merit in some of his arguments, and we do not address several issues which are rendered moot by our decision.
There is much jurisprudence as to when a defendant may withdraw his guilty plea based on a breach of a plea agreement by the prosecution. See State v. King, 436 So.2d 661 (La.App. 4th Cir.1983), and Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 32 L.Ed.2d 247 (1971). The State may also withdraw from a plea agreement under certain circumstances prior to the entry of a guilty plea. See State v. Nall, 379 So.2d 731 (La.1980). The authority of the State to withdraw after the guilty plea is entered is less clear. In any case, the United States Supreme Court stated in Santobello, supra, 404 U.S. at page 262, 92 S.Ct. at page 498:
"... when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."
Before the disagreement arose, the State had reduced the charge against Malbroux to manslaughter, Malbroux had pled guilty, the judge had determined that the plea was informed and voluntary, the plea had been accepted, and the joint sentence recommendation had been made. Only the actual sentencing remained, and Malbroux had been prepared to accept a maximum of twenty-one years. At that point, the court could not back up and expose the defendant to a life sentence because of counsel's suggestion that a presentence investigation was in order.
The court is not bound by a joint sentence recommendation and may pronounce any legal sentence it sees fit. State v. Collins, 359 So.2d 174 (La.1978). The State could not condition its agreement on the imposition of a certain sentence.
In reaching this decision we do not pass on the propriety of the request by defendant's counsel for a presentence investigation. Although the request was completely inconsistent with the recommendation of a twenty-one year sentence, and constituted a breach of faith of some nature, we do not consider it appropriate in this situation to impute the action of counsel to the defendant's detriment. Were the imputation to be allowed, it could work to the accused's prejudice. Through means of the plea bargain the defendant was induced to plead guilty to the commission of a homicide. As a fact the accused admitted to killing the victim. Presumably, information concerning the guilty plea was not communicated to the jury which convicted him of second degree murder. Nevertheless, we feel that the admission was too grave and the possibility of it becoming generally known too prejudicial to permit the ill-advised course pursued by counsel to be used to upset the proceedings which led to the accused pleading guilty to manslaughter. In our opinion the defendant is entitled to completion of the proceedings in which he pleaded guilty to manslaughter.
Since we find that the plea bargain was valid, all proceedings that occurred after the entry of the plea of guilty to the manslaughter charge were illegal. We set aside those proceedings and remand this *260 case to the trial court for the imposition of sentence on the manslaughter charge.
REVERSED AND REMANDED.