STOKER, Judge.
The defendant, Anthony Ray Malbroux, pled guilty to the charge of manslaughter, a violation of LSA-R.S. 14:31. The defendant was sentenced to serve 21 years at hard labor, the maximum sentence. He has appealed the sentence imposed. This present appeal is a sequel to the matter which was on appeal before us in State v. Malbroux, 485 So.2d 257 (La.App. 3d Cir. 1986), writ denied, 489 So.2d 1273 (La.1986). The defendant does not argue that the sentence is unconstitutionally excessive; rather, he urges that he was denied due process in the sentencing proceedings conducted by the trial court. The defendant asserts six assignments of error on appeal. The assignments of error, as contained in defendant’s brief, are set forth in their entirety as an appendix to this opinion.
In essence, defendant complains that in the resentencing proceeding the trial judge *320 denied defendant an opportunity to rebut and controvert allegedly false and misleading statements contained in the presen-tence investigation report. Defendant complains that the presentence investigation report failed to contain any of the mandatory recommendations specified in LSA-R.S. 15:1132 relating to rehabilitation potential and the advisability of commitment to a rehabilitation facility. Despite these alleged deficiencies in the report, defendant complains that the trial court relied upon it. Defendant also raises due process questions and other allegations of error more specifically set forth in the appendix to this opinion.
We reverse and vacate the defendant's sentence and remand to the trial court for resentencing.
FACTS
The defendant was originally indicted on a charge of second degree murder which was subsequently reduced to manslaughter by a plea bargain agreement. On February 11, 1985 the defendant pled guilty to the charge of manslaughter. The court ordered a presentence investigation report and fixed the date of sentencing as April 3, 1985. The State objected to the presen-tence investigation report, arguing that it violated the plea bargain agreement. The State and the defense had agreed that the defendant would plead guilty to the charge of manslaughter, and a sentence of 21 years would be recommended. The trial court found that there had been no meeting of the minds concerning the plea bargain and accordingly set aside the defendant’s plea and ordered him to trial on the charge of second degree murder.
The defendant was thereafter tried for second degree murder, and the jury returned a verdict of guilty as charged. The trial court then sentenced the defendant to the mandatory sentence of life imprisonment without benefit of parole, probation or suspension of sentence.
The defendant appealed his conviction and sentence. In State v. Malbroux, supra, this court held that the defendant’s plea of guilty to manslaughter was valid and should not have been set aside because of a disagreement growing out of defense counsel’s request that the sentencing court obtain and consider a presentence investigation report notwithstanding the joint recommendation of a sentence of 21 years. Inasmuch as the plea bargain was valid, we held that all proceedings that occurred after the entry of the guilty plea to the manslaughter charge were illegal. We noted that the trial court was not bound by a joint sentence recommendation, and it could pronounce any sentence it saw fit. At the same time, we did not pass on the propriety of defense counsel’s conduct. The conviction and sentence were reversed and the case remanded to the trial court for imposition of sentence on the manslaughter charge.
After remand, a presentence investigation report was ordered by the trial court, returnable on September 1, 1986. On September 30, 1986 the defendant’s counsel were allowed to review the report filed with the trial court. A sentencing hearing was scheduled for October 15, 1986. Prior to the sentencing hearing, the defendant filed a motion to rebut or explain certain information contained in the presentence investigation report. The trial court denied the motion at the sentencing hearing over the objections of the defendant’s counsel. The trial court proceeded to sentence the defendant to 21 years at hard labor in accordance with the sentence recommendation.
ASSIGNMENTS OF ERROR NOS. 1-6
The defendant argues that the trial court erred in refusing to allow the defendant the opportunity to challenge and correct allegedly false and inaccurate material found in the presentence investigation report. Defendant urges that the refusal was error because the report was a factor considered by the trial court in accepting the sentence recommendation of 21 years at hard labor. We agree.
As noted above the basis of this court's holding in State v. Malbroux, supra, was that the trial court is not bound *321 by a joint sentence recommendation and may pronounce any legal sentence it sees fit. Thus, when the trial court uses a presentence investigation report to aid it in reaching the appropriate sentence, due process and fairness values require that the defendant have an opportunity to deny or explain any prejudicial information. State v. Trahan, 367 So.2d 752 (La.1978), and State v. Brown, 440 So.2d 994 (La.App. 3d Cir.1983), writ denied, 444 So.2d 120 (La. 1984).
In this case before us the trial court ordered a presentence investigation report and stated that it took the report into consideration in reaching a decision to accept or reject the sentence recommendation. The trial court refused to entertain any evidence offered by the defendant to explain or counter information contained in the report and refused to allow the defendant to make a proffer of that evidence.
It is our finding that since the trial court was not bound by the sentence recommendation and it used the presentence report in determining whether the 21-year sentence was appropriate, the trial court should have allowed the defendant to present evidence challenging or rebutting any alleged falsehoods or misinformation in the report which were prejudicial to the defendant.
The defendant also asserts that the presentence investigation report did not comply with LSA-R.S. 15:1132 which requires the report to undertake such things as educational and medical studies of the defendant. The defendant has made no specific allegations concerning these deficiencies and as the report was not made a part of the record before us, we are unable to review these alleged deficiencies.
Our decision to remand this case should in no way be construed as indicating any opinion relative to the appropriateness of the 21-year sentence. We make no suggestion in that regard on the basis of the present record. Moreover, we do not regard the present appeal as a complaint as to the excessiveness of the sentence.
Accordingly, the defendant’s sentence is reversed, set aside and vacated, and this case is remanded to the trial court for resentencing proceedings to be conducted in a manner consistent with the legal principles expressed herein.
REVERSED AND REMANDED.
APPENDIX
The following specifications of error is taken from page 6 of defendant’s brief:
SPECIFICATION OF ERRORS
The defendant reserved six (6) assignment of errors.
Assignment of Errors numbered One (1), Two (2), and Six (6) focus mainly on remand of this case, the trial judge:
(A) Again ordered a pre-sentence investigation report;
(B) It was filed, defense counsel afforded an opportunity to review, following which defendant filed a written motion and notice that he be afforded an opportunity to rebut and controvert false and misleading statements in the report; and
(C) Thereafter, on October 15, 1986, the trial judge, over defendant’s objection, erroneously relied on the unrefuted pre-sen-tence report as a basis for his sentencing of defendant.
ASSIGNMENT OF ERROR NO. THREE (3)
The trial judge erred in sentencing defendant without prior compliance with the order of this Court (State v. Malbroux, 485 So.2d 257), that the defendant was entitled to completion of the proceedings in which he pleaded guilty to manslaughter.
ASSIGNMENT OF ERROR NO. FOUR (4)
The trial judge erred in accepting and approving a presentence investigation report which failed to contain any of the mandatory recommendations specified in LSA-R.S. 15:1132, i.e., “rehabilitation potential ..., whether he should be committed to a community rehabilitation center or prison, or to the Department of Corrections
*322 ASSIGNMENT OF ERROR NO. FIVE (5)
Trial judge committed error when he failed to recognize the fundamental precepts of due process which require that a criminal defendant be afforded an opportunity to rebut or explain prejudicial or erroneous information in a pre-sentence report.