STOKER, Judge.
Defendant pleaded guilty to one count of illegal possession of stolen things of a value above $500, in violation of LSA-R.S. 14:69. Defendant was sentenced to six years at hard labor. Defendant appeals the sentence as excessive and alleges that the trial court failed to take proper cognizance of the criteria for sentencing set forth in LSA-C.Cr.P. art. 894.1.
CRITERIA FOR SENTENCING
Although consideration must be given to LSA-C.Cr.P. art. 894.1 in its entirety, the trial court is not required to articulate every factor listed which it considered in imposing sentence, but the record must reflect that the trial court adequately considered them in particularizing the sentence to the defendant. State v. Cottingin, 476 So.2d 1184 (La.App. 3d Cir.1985).
The trial court specifically states that it went down the list of mitigating factors to be considered and then discusses some of them. The trial court also gives reasons for the sentence imposed. There was a sufficient articulation of reasons for the sentence imposed and we see no violation of LSA-C.Cr.P. art. 894.1. In addition, the trial court had the benefit of a presen-tence investigation report which is in the record and which aids us in considering the excessiveness of sentence issue.
EXCESSIVENESS OF SENTENCE
Defendant was classified in the presen-tence investigation report as a first felony offender. Defendant’s criminal history contains misdemeanor charges and one charge of theft of services in Texas for which defendant was sentenced to one year probation in 1974. It was not determined whether this was a felony offense. There have been no charges brought against defendant since 1974 until the conviction before us now. Defendant’s son confessed to having stolen all the goods defendant is convicted of receiving.
The report also shows that defendant is employed as a boat captain, is married and has one child. Defendant has a weak back from a previous disc operation.
The maximum penalty defendant was subject to under LSA-C.Cr.P. art. 14:69 was ten years at hard labor and a $2,000 fine. The Sheriff of Cameron Parish recommended that the defendant be given the maximum sentence. The district attorney recommended that defendant receive parish jail time, a suspended sentence, supervised probation and be required to make restitution. The presentence investigation report advised against intensive incarceration because of defendant’s weak back. Inasmuch as defendant is classified as a first offender, the trial court might have considered giving the defendant a probated sentence. The probation officer who made the presentence investigation in this case *588 recommended that the trial judge impose a Department of Corrections sentence, that is, to incarceration at a state penitentiary. As justification for this recommendation the probation officer stated that he believed the defendant was also involved in a number of burglaries and thefts in the Cameron Parish area.
The trial court made the following comments in imposing sentence on the defendant:
“THE COURT: The Court is going to note, in addition to the facts ... well, not in addition to the facts. They may well be part of this report. But in this case the stolen things which were found in the possession of this defendant were the property of small home owners and things that were missing from people’s yards and people’s back porches, and a strong suggestion of burglary in connection with this. I know from the Court’s other work that this represents a combine between this defendant and his minor son, who was involved in burglary and theft; and I know that his wife has already pled guilty to a criminal proceeding in connection with this. I think that the penalty put on by this Court needs to reflect the severity, the seriousness of the kind of crimes involved. I think the fact that he had his whole family involved in his criminal activities would dictate that custodial environment is best. I have gone down the list of mitigating factors to be considered. He came from a good family, he had good upbringing, and no reason to take this misstep. There was no pressing financial need. The victims had no part in what happened. He had no reason that I can see to have taken these steps; and so, after having considered all the mitigating factors, I find that few or none apply in his favor. And the Court’s going to impose a sentence of six years with the Department of Corrections. And I remand you to the custody of the sheriff’s office until the folks from the penitentiary can come pick you up.”
After considering the reasons for sentence stated by the trial judge and considering them against statutory and jurisprudential guidelines for determining the excessiveness and unconstitutionality of sentences, we conclude that the six-year sentence at hard labor imposed in this case is not excessive or unconstitutional. We find no abuse of discretion in the sentence and the sentence is affirmed.
AFFIRMED.