JiGREMILLION, Judge.
Defendant, Deibi Parra Lopez, asks this Court to review the trial court’s ruling, denying his motion to quash and his sentence of five years, to determine if it is excessive. We find the motion to quash was properly denied and the sentence is not excessive.
FACTS
Lopez, a forty year old Cuban national, was convicted in Maryland on August 2,1984, of attempted first degree murder. On February 3, 1994, Lopez appeared before an Immigration Judge in Oakdale, Louisiana, and was ordered excluded and deported from the United States. At that time, he was being held at the Vermillion |2Parish Correctional Center for the Federal Immigration and Naturalization Service. On April 4, 1994, Lopez, while serving as a garden trustee, walked away from his work assignment, discarded his prison clothing, swam a canal and traveled approximately five miles on foot. A manhunt was organized to find Lopez, and with the aid of a helicopter and K-9 dogs, he was discovered hiding in a dense *285 thicket. He was captured and returned to the correctional center.
The State filed a bill of information on April 5, 1994, charging Lopez with simple escape in violation of La.R.S. 14:110(A)(1). On June 17, 1994, he filed a motion to quash the bill of information, alleging lack of subject matter jurisdiction. Lopez claims that he was being held as a federal detainee and as such was subject to federal law, thus, according to Lopez, he could not be prosecuted under the laws of the State of Louisiana. The motion was denied on June 27, 1994.
A trial was held on the merits before a jury on June 28, 1994, and Lopez was found guilty as charged. A pre-sentence investigation was ordered and on January 30,1995, he was sentenced to five year’s at hard labor. From that sentence and the denial of the motion to quash, Lopez filed this appeal.
OPINION
Lopez assigns as error the trial court’s failure to quash the bill of information relying on the fact that he was a federal detainee and subject only to Federal law. The trial judge properly overruled the motion to quash. A state district court has original jurisdiction of all criminal matters and felony cases. La. Const, art. V, § 16. Clearly, “the Courts of the State of Louisiana have an absolute constitutional right to try persons for violations of state criminal statutes.” State v. Tyson, 241 F.Supp. 142, 147 (1965). Lopez was charged with violating a state criminal statute. He was properly charged and tried in this state in state district court. This assignment of error lacks merit.
| aLopez also contends the trial court erred in sentencing him to serve a term of five years at hard labor. He claims the sentence is excessive and should be reduced by the appellate court. Article 1, § 20 of the Louisiana Constitution of 1974 prohibits “cruel, excessive, or unusual punishment.” A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence we must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La. 1989). The trial judge is given wide discretion in imposing a sentence; and a sentence imposed within statutory limits will not be deemed excessive in the absence of a manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
The legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. La. Code Crim.P. art 894.1; State v. Klause, 525 So.2d 1076 (La.App. 3 Cir.1988). Paragraph C of article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983).
If there is an adequate factual basis for the sentence contained in the record, the trial court’s failure to articulate every circumstance listed in article 894.1 will not necessitate a remand for resentencing. State v. Cottingin, 476 So.2d 1184 (La.App. 3 Cir. 1985), appeal after remand, 496 So.2d 1379 (La.App. 3 Cir.1986); State v. Morgan, 428 So.2d 1215 (La.App. 3 Cir.), writ denied, 433 So.2d 166 (La.1983). As stated in Cottingin, 476 So.2d at 1186:
There are two underlying purposes of the codal requirement that the sentencing court articulate the specific reasons based on particular facts and considerations for imposing a sentence. First, it ensures that the sentence is particularized to the defendant. In addition, it aids the reviewing *286 court in the determination of whether the sentence imposed is excessive by providing an actual indication of whether the sentencing court adequately considered the statutory guidelines. (Citations omitted).
Simple escape provides for a sentence of not less than two nor more than five years, with or without hard labor. La.R.S. 14:110(A)(1). Lopez received the maximum sentence of five years at hard labor. The trial court gave the following reasons for imposing the maximum sentence:
[I]t looks like what I’m facing is a recommendation from the Department of Public Safety and Corrections that I exceed the recommendations and the sentencing guidelines based on the aggravating circumstance that Mr. Lopez refuses to cooperate. He does not have any regard for the authority of this court, and apparently stated to the probation officer in doing his investigation, that I would be in trouble if I sentenced him.
¾: ⅜ ⅜ ⅜: ⅜ ⅜
The court does find that Mr. Lopez is a second felony offender. That the original offense was a serious one. He was convicted of attempted first degree murder in Maryland. The recommendation is for the maximum statutory five (5) years at hard labor. Based on the fact that the offender did not wish to cooperate during the pre-sentence interview, the only mitigating argument I have for that is Mr. Hayes’ contention on behalf of this client, that he has consistently taken the position that he should only be subjected to the authority of the Federal court. That is, of course, an incorrect position. And since I’ve heard absolutely noj^evidence mitigating the recommendation, and I’ve heard no remorse. I have heard no excuses.
The trial judge clearly set forth the circumstances he considered. Lopez was a second felony offender and the first offense was a serious offense, attempted first degree murder. He showed no remorse and refused to cooperate during his pre-sentence interview. He had no regard for the authority of the court, and there was no evidence of any mitigating circumstances. One’s sensibilities are not offended when an incorrigible, serious offender escapes and subsequently receives the maximum sentence for that crime. In the instant case, five years at hard labor is not unconstitutionally excessive.
The record fails to reflect whether the trial court in sentencing Lopez considered La. Code Crim.P. art. 880, which provides that when imposing sentence, the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. Therefore, the case is remanded to the trial court with instructions to consider La.Code Crim.P. art. 880 and allow credit for time served or provide for the record the reasons for not allowing the said credit.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.