# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**17-889**


**STATE OF LOUISIANA**

**VERSUS**

**WILLIAM CLAY BENNETT**



\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 90484
HONORABLE C. ANTHONY EAVES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders and Elizabeth A. Pickett, Judges.

**AFFIRMED.**


**Chad M. Ikerd**
**Louisiana Appellate Project**
**P. O. Box 2125**
**Lafayette, LA 70502**
**(225) 806-2930**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **William Clay Bennett**

**Asa Allen Skinner**
**District Attorney, 30ᵗʰ JDC**
**Terry W. Lambright**
**Assistant District Attorney, 30ᵗʰ JDC**
**P. O. Box 1188**
**Leesville, LA 71446**
**(337) 239-2008**
**COUNSEL FOR STATE-APPELLEE:**
    **State of Louisiana**

**PICKETT, Judge.**

## FACTS

On January 3, 2017, the defendant, William Clay Bennett, was charged by bill of information, number 90484, with one count of operating a vehicle while intoxicated (OVI), fourth offense. On the same day, he was also charged by bill of information, number 90485, with one count of failure to operate a motor vehicle in a single lane zoned for traffic, one count of possession of an open container of an alcoholic beverage in the passenger compartment of a vehicle, and one count of operation of a motor vehicle without wearing a seatbelt.

The defendant filed a Motion for Preliminary Examination in the trial court on September 30, 2016. On October 25, 2016, the state filed a Response for Preliminary Examination which included copies of documents related to the state's prosecution of the defendant for the above offenses and court minutes from relevant prior convictions.

On May 3, 2017, as part of a plea agreement, the defendant tendered a plea of guilty to operating a vehicle while intoxicated, fourth offense. In accordance with the plea agreement, the state dismissed all charges in bill of information number 90485. The state also recommended a cap on his sentencing of not more than twenty years, with sentencing left up to the court. Additional recommendations by the state included that the defendant receive intensive substance abuse treatment while incarcerated and that he be sentenced to a facility which provided the opportunity for the defendant to obtain his college degree. The state took no position on the defendant's request that his sentence in this case be served concurrently with any other sentences. During this proceeding, the defendant's signed Plea Agreement and Waiver of Constitutional Rights and Plea of Guilty forms were entered into the record.

On July 11, 2017, the defendant was sentenced to twenty years at hard labor, without benefit of probation, parole, or suspension of sentence, plus a fine of five thousand dollars plus costs. The court ordered that the defendant not be given credit for time served since the date of arrest and that his sentence run consecutive with any and all other sentences. The court noted that it considered the Presentence Investigation (PSI) report along with La.Code Crim.P. art. 894.1. The defendant objected to the court's sentence, particularly to the court's denial of credit for time served.

The defendant filed a Motion to Reconsider Sentence on July 18, 2017, asserting that he should have been given credit for time served, and that the court did not follow the recommended plea agreement by ordering his sentence to be served consecutively to any other sentence. Further, the defendant asserted that the sentence imposed is excessive, that the sentence is not within the statutory limits and is a manifest abuse of discretion, and that the trial court failed to adequately consider applicable mitigating circumstances.

The trial court issued a Judgment on Rule, on July 31, 2017, granting the defendant credit for time served but denying the other portions of the defendant's Motion to Reconsider Sentence. On the same day, the trial court issued Written Reasons and stated its reasons for denying the other claims in the defendant's Motion to Reconsider Sentence. On August 14, 2017, the defendant filed a Motion for Appeal and Designation of Record in the trial court, which was granted on August 15, 2017.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ASSIGNMENT OF ERROR

In the defendant's sole assignment of error, he alleges that based on the record of this case, the trial court erred by sentencing him under La.R.S. 14:98.4(C) to a consecutive, twenty-year sentence without the benefit of probation, parole, or suspension of sentence because the record only supported a sentence under La.R.S. 14:98.4(A)(1), which does not require a consecutive sentence and only requires that two years of the sentence be served without benefits.

The defendant first argues that "there were no pretrial motions heard to develop facts in this case." There is no merit to this argument by the defendant. In the state's Response for Preliminary Examination, filed on October 25, 2016, the state attached multiple documents pertaining to its prosecution of the defendant for the instant offense. Subsequently, the defendant did not file any further motions for preliminary examination or request a hearing on any such motions. Further, aside from the Motion and Request for Discovery and Bill of Particulars Pursuant to Local Rule, filed on January 10, 2017, which the state answered on February 21, 2017, the defendant did not file any other discovery requests. In light of these facts, we do not agree there were no pretrial motions heard to develop facts in this case.

Next, the defendant argues that because the PSI report was not offered into the record of this case, it "cannot be considered in this appeal to determine if there are sufficient facts to support the trial court's ruling." In support of his argument, the defendant cited *State v. Cottingin*, 476 So.2d 1184 (La.App. 3 Cir. 1985) and *State v. Malbroux*, 507 So.2d 319 (La.App. 3 Cir. 1987). The defendant stated that, in *Cottingin*, this court could not review the PSI because "the Report was not filed into the original record." The issue being discussed in *Cottingin* was whether the trial court complied with La.Code Crim.P. art. 894.1. This court, in *Cottingin*,

actually said, "the pre-sentence report was not filed in the record or made a part of the record for this court to review." *Cottingin*, 476 So.2d at 1186. In *Cottingin*, the state attached a copy of the report to it brief, but this court stated it has no authority to receive or review evidence not contained in the trial court record. This court noted "Act 384 of 1985, effective September 6, 1985, has now amended La.C.Cr.P. Art. 877 to provide that a pre-sentence report shall be made a part of the record if a defendant seeks post-conviction relief on the grounds of excessive sentence." *Cottingin*, 476 So.2d at 1186, n.1. The date of the sentencing hearing in *Cottingin* is not indicated; however, the defendant pled in September of 1984. Given that the date on which the defendant pled was approximately a year prior to the effective date of Act. 384 and given the wording of this court's footnote, it appears the sentencing date in *Cottingin* was prior to the effective date of the amendment to Article 877.

In support of the defendant's argument that this court's review of the evidence in the instant case is restricted to the transcripts from the sentencing hearing and the trial court's written reasons for judgment, the defendant cited a portion of this court's holding in *Malbroux* which stated that because "the report was not made a part of the record before us, we are unable to review these alleged deficiencies." The quote the defendant relies on was made by this court in reviewing defendant's assertion in *Malbroux* that the PSI report did not comply with La.R.S. 15:1132, which requires the report to undertake such things as educational and medical studies of the defendant. The defendant in *Malbroux* also asserted the trial court erred in refusing to allow him to challenge and correct allegedly false and inaccurate material in the PSI report. In addressing that issue, this court held that because the trial court was not bound by the sentence recommendation and used the PSI in deciding whether to accept or reject the

4

sentence recommendation, it erred in not allowing the defendant to rebut information in the report that was prejudicial to the defendant. This case, however, is distinguishable from *Malbroux* because here the defendant does not claim to have requested to view the PSI, nor does he assert that it contains erroneous and prejudicial information. The trial court quoted the defendant's OVI arrest and conviction record directly from the PSI:

> Okay. Then I'm going to turn to the PSI because, Mr. Bennett, you have a very extensive criminal record, sir. Approximately 5/23/83 – I'm just going to cover the alcohol, driving under the influence, offenses that you have. You have received an OWI misdemeanor in the City Court of Leesville. You pled guilty to that. On 2/18/84 you had a DWI, first. You pled guilty to that. That was in the 30th Judicial District Court. Then in 3/22/85 you have an OWI, second, in City Court. You pled guilty to that. 4/28 of '85 you have an OWI, third, in the 30th Judicial District Court. You pled guilty to DWI, second, in that case. And 1/91 – in '91, that's the offense date, in the 30th Judicial District Court you pled guilty to DWI, first. 12/21/92 in City Court, Leesville City Court, you pled to OWI, second. In '95 – in 5/4/95 you have an OWI, second, in City Court that you pled guilty to OWI, first, and the same one in '92 you pled to a first offense. In '97, 3/21/97 is the offense date, you have a DWI, fourth. You pled guilty to a DWI, second, in the 30th Judicial District Court. In '98, 4/29 of '98 in Morgan City, this is not a DWI, but this is a felony of – you pled guilty to the entry of an inhabited dwelling and sentenced to five years DOC. '99, that was – in 2000 you were revoked on that sentence and then 10/27 of '99 you have, once again, DWI, fourth, here in Vernon Parish. You pled guilty to a third, sentenced to five years, suspended three years, parole, parole and parole [sic]. But you were revoked and probation was revoked in 2002 on that one. In '06, 9/30/2006, you pled guilty in 2007, DWI, fourth. You got ten years DOC. Then '13 you got a DWI, second, and you pled guilty to that, and then we have the current offense of DWI, fourth. You pled guilty 5/3 of 2017. If my math is correct you have one, two, three, four, five, six, seven, eight, nine, ten, eleven, twelve – this is your thirteenth DWI and you have at least another felony and you have been revoked on probation before. Mr. Bennett, it's not likely that you're going to respond favorably to probationary treatment. You've had treatment in the past, you've been incarcerated, your probation has been revoked, your parole has been revoked. There is an undue risk that during the period of a suspended sentence or probation that you will commit another crime and you are in need of correctional treatment in a custodial environment. A lesser sentence will deprecate the seriousness of your offense.

When the trial court quoted the relevant portions of the PSI at sentencing, the defendant did not object and did not indicate any error in that information.

Further, based on his assertion that appellate review is limited to the sentencing transcript and the trial court's written reasons, the defendant asserts that the record does not support a finding that the defendant previously benefited from parole, probation, or suspension of sentence, as required by La.R.S. 14:98.4(C). We find no merit in this argument as will be discussed more fully below.

The state first argues that the defendant waived his right to appeal when he signed the Plea Agreement on May 3, 2017, which stated:

> By accepting this plea agreement, defendant waives, releases and relinquishes any claim or right to appeal this matter, whether on direct appeal or by application for post-conviction relief, motion to modify sentence, motion to correct sentence, application for habeas corpus relief, or otherwise on a claim if [sic] ineffective assistance of counsel.

On the same day, the defendant also signed a Waiver of Constitutional Rights and Plea of Guilty which waived his right to appeal from a guilty verdict, among other rights, but also informed him that he had "thirty days after the rendition of the judgment to file a motion to appeal [his] sentence or any other orders or judgments of the court." Given that the record is conflicting in regard to whether or not the defendant waived his right to appeal his sentence in this matter, we find the defendant did not validly waive his constitutional right to have the sentence reviewed.

The state further argues that under the provisions of La.Code Crim.P. art. 877, it did not err in not making the PSI report a part of the record. Louisiana Code of Criminal Procedure Article 877 states:

> A. The presentence and postsentence investigation reports shall be privileged and shall not be disclosed directly or indirectly to anyone other than the sentencing court, the victim or the victim's designated family member, as defined in R.S. 46:1842, the prosecutor,

6

members of the division of probation and parole within the office of adult services, the officer in charge of the institution to which the defendant is committed, the committee on parole, the probation or the parole officer if the defendant is placed on probation or released on parole, medical authorities directly involved in the defendant's rehabilitation or treatment if the defendant is committed to a hospital or a substance abuse program, the Board of Pardons, and the governor or his representative. However, this Article shall not require the disclosure of sources of confidential information.

B. Before imposing sentence the court may advise the defendant or his counsel of the factual contents and conclusions of any presentence investigation report. The sources of confidential information shall not, however, be disclosed. If the defendant contests any information contained in the presentence report, the court shall provide the district attorney the same access to the report as was given to the defendant or his counsel. The district attorney may respond to the defendant's contentions concerning the information in the presentence report.

C. The presentence investigation report, edited to protect sources of confidential information, shall be made part of the record if the defendant seeks post-conviction relief only on the grounds of an excessive sentence imposed by the court.

The state notes that in *State v. Carrier*, 453 So.2d 1216 (La.App. 3 Cir. 1984), this court, in reviewing claims of excessiveness and compliance with La.Code Crim.P. art. 894.1, stated that there was no requirement for the PSI to be made part of the record for appellate review. This court also stated:

[T]there is no allegation that defendant requested that the report be made part of the record or that he be allowed access to it. Absent such a request, there is no error in not making the report a part of the record. The defendant also makes no claim that the report contained false information prejudicial to him which would entitle him to access.

*Id*. at 1218 (citation omitted). *Carrier*, however, was decided prior to the effective date of the amendment to article 877, which now provides that the PSI report shall be made a part of the record if the defendant seeks post-conviction relief only on the grounds of an excessive sentence.

The defendant did not request that the report be made part of the record. The state, however, requested that, in compliance with the provisions of La.Code

7

Crim.P. art. 877(C), the PSI be made a part of the record since the defendant appealed his sentence. The PSI is, in fact, part of the record before this court.

The defendant asserts the record, without the PSI report, does not establish the requisites for the application of La.R.S. 14:98.4(C). However, the PSI report states that on September 19, 2016, the defendant's parole, which he was sentenced to as a result of the defendant pleading guilty to DWI Fourth, was revoked due to the arrest that resulted in the instant DWI Fourth conviction. Because the defendant did previously receive the benefit of parole on a DWI Fourth conviction, which was revoked as a result of a subsequent DWI Fourth conviction, as required by La.R.S. 14:98.4(C), the trial court did not err in sentencing the defendant under section (C) of La.R.S. 14:98.4.

The defendant alternatively argues that the record also does not support a sentence under La.R.S. 14:98.4(B). Because we find the record supports the sentence imposed under La.R.S. 14:98(C), it is not necessary to address the merits of the defendant's argument that the record does not support a sentence under La.R.S. 14:98(B).

## CONCLUSION

The defendant's sentence is affirmed.

**AFFIRMED.**