YELVERTON, Judge.
Defendant Michael Jene Byrd, 27, pleaded guilty to simple criminal damage to property where the damage was $500 but less than $50,000, LSA-R.S. 14:56, reduced in a plea bargain from aggravated criminal damage to property, R.S. 14:55. He was sentenced to two years at hard labor, the maximum provided for the offense. He appeals alleging three errors: the sentencing guidelines of C.Cr.P. art. 894.1 were not applied, the sentencing judge failed to explain for the record and give a factual basis sufficient to support the sentence, and the sentence was constitutionally excessive. We find no merit to any assignment and we affirm.
The offense occurred on January 20, 1984, when defendant, using a single-shot, 12-gauge shotgun, damaged the front door and shot out three windows of a mobile home belonging to Charles G. Nelson located near Florien, Louisiana.
Before imposing sentence the trial judge ordered a presentence investigation and report. The report was made available to counsel for defendant and, at the sentencing hearing, defendant was given the opportunity to participate.
The sentencing judge considered every factor enumerated in C.Cr.P. art. 894.1(A) and (B). He reviewed the defendant’s personal history, his prior criminal record, the seriousness of the offense, the likelihood that he would commit another offense, and his potential for rehabilitation through correction services other than confinement.
The court noted that defendant was 27, a high school dropout, unmarried, had a total work history of only five and a half years, presently suffered some disability caused by shotgun wounds in the back, and was dependent on others for a living. Defendant had a serious criminal record involving violence and the use of firearms. In fact, since the subject offense was committed and while he was awaiting sentence, defendant was indicted by the Sabine Parish Grand Jury with attempted aggravated arson of a dwelling belonging to Charles Nelson, presumably the same victim. His criminal history included a guilty plea and probation for misdemeanor theft, and arrests for aggravated battery, simple criminal damage to property, and two counts of simple burglary awaiting trial. Because of this criminal record and continuing criminal involvement, the sentencing judge was fearful that defendant would commit more crimes. He believed the defendant was in need of correctional treatment and a custodial environment, and that failure to impose a prison sentence would deprecate the seriousness of the offense. After considering the factors listed in paragraph (B) of article 894.1, the judge found most inappli *595 cable, and the others “of insufficient weight to overcome compelling reasons for imprisonment.”
Not only did the trial court comply with C.Cr.P. art. 894.1; his was a veritable model of compliance with those guidelines. The assignments of error attacking the sentence because of a failure to follow the guidelines are without merit.
Defendant’s remaining contention, that the sentence is constitutionally excessive, is similarly without merit. It has been said that maximum sentences should be reserved for the most egregious and blameworthy. State v. Telsee, 425 So.2d 1251 (La.1983). According to the presentence report in this record and the trial judge’s factually supported comments, this defendant reasonably fits that classification. Considering the personal and criminal history of the offender, and the intentional and potentially life threatening nature of his offense, the two year sentence in this case was not excessive. The defendant could have been found guilty of aggravated criminal damage to property which carries a penalty of from one to 15 years. It is proper to consider a plea bargain and the consequent reduction in sentence exposure when assessing a sentence. State v. Lanclos, 419 So.2d 475 (La.1982). Under these circumstances the two year penalty can hardly be regarded as so disproportionate to the crime committed as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
As the final reason for finding this sentence was not excessive, we note that the mandatory enhanced penalty provision of C.Cr.P. art. 893.1, which is applicable when a court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, could have been applied here, but it was not. If that statute had been applied, the sentence would have been two years without eligibility for suspension, probation or parole. Although this article is a mandatory sentencing provision, the defendant gets the benefit of the failure to impose it under State v. Coleman, 465 So.2d 709 (La.1985), and thereby enjoys the possibility of parole. It can hardly be argued, under these circumstances, that two years was constitutionally excessive.
For these reasons, the sentence is affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs but feels, for reasons stated many times previously, that appellate courts should not be made to review sentences for excessiveness.