SEXTON, Judge.
The defendant was originally charged with possession of marijuana with intent to distribute. He pled guilty to attempted possession of marijuana with intent to distribute and was sentenced to three years and six months at hard labor, plus the payment of a $2,500 fine or six additional months in default thereof.
Defendant now complains that the sentence imposed is excessive. For the following reasons, we conclude that there is no merit to defendant’s complaint.
FACTS
In April, 1988, defendant and some companions stole some twenty pounds of marijuana, drug paraphernalia, and equipment normally used in the preparation of marijuana for resale.
Following the receipt of this information from a reliable confidential informant, law enforcement officers set up a controlled buy of marijuana from the defendant. Following that purchase, police procured a search warrant and executed a search of defendant’s residence. Police discovered large quantities of marijuana, cash, and drug paraphernalia.
Defendant was originally charged with possession of marijuana with intent to distribute, but was permitted to plead to an attempt to possess marijuana with intent to distribute same.
Following a pre-sentence investigation, a sentencing hearing was held, during which the trial court reviewed defendant’s background. The trial court then imposed the sentence previously indicated.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C. Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health and employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
The sentencing judge reviewed the defendant’s social and criminal history. Defendant is 32 years old and his formal schooling consists of a ninth grade education, after which he dropped out at age 18. He noted that the defendant had one child by a previous marriage and that his common-law wife was three months pregnant. However, the judge discounted the defendant’s claim that he had engaged in the sale of drugs in order to pay child *1054 support, noting that the defendant did not pay child support willingly in the past. Indeed, the defendant was sentenced to six months in 1986 for criminal neglect of family-
The trial court particularly noted that defendant was engaged in a large scale operation which was introducing large amounts of illegal substances into society. The court felt that any lesser sentence than that imposed would deprecate the seriousness of the offense. Additionally, the court was unimpressed with the fact that another individual actually brought this large quantity of marijuana into the area and that defendant had merely stolen the drugs and equipment from this other individual.
Even though the sentencing judge did not provide verbatim and mechanical articulation of LSA-C.Cr.P. Art. 894.1, it is obvious that he sufficiently articulated the factual basis for the defendant’s sentence.
Our review must also determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Bonanno, supra. The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, supra.
In selecting a proper sentence, a trial judge is not limited to considering only a defendant’s prior convictions and may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied, 452 So.2d 695 (La.1984). A trial court is not required to render a suspended sentence or probation on a first felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984); State v. Ester, 490 So.2d 579 (La.App. 2d Cir.1986). A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985).
Defendant’s potential exposure under the offense with which he was originally charged was from five to thirty years imprisonment. By means of the plea bargain, he reduced his exposure to two and one-half to fifteen years. He was sentenced to only three and one-half years at hard labor plus a monetary fine. Given that the defendant derived a substantial benefit by being allowed to plead guilty to an attempt of the originally charged offense and, further, that the actual sentence imposed was at the lower end of the judge’s sentencing range, it is apparent that there was no abuse of discretion on the part of the judge.
Defendant was no mere recreational drug user, but was involved in a large scale operation involving substantial quantities of marijuana. When his house was searched, almost $3,000 in cash was discovered on the premises which he conceded was derived from drug sales.
For the reasons aforesaid, we find that there was adequate articulation of the sentence and that the sentence imposed is not unconstitutionally excessive. Accordingly, the sentence imposed is affirmed.
AFFIRMED.