HALL, Chief Judge.
Defendant, Henry Earl Wilson, age 23, was indicted for the second degree murder of Chris Martin in violation of LSA-R.S. 14:30.1. The defendant pled guilty to manslaughter, LSA-R.S. 14:31, and was sentenced to 21 years at hard labor, the maximum term of imprisonment. Defendant appeals, contending the sentence is excessive. For the following reasons we affirm.
On February 9, 1988, the defendant shot Martin with a .25 caliber pistol at an apartment complex outside of Bastrop. The victim and the defendant’s sister had been involved in some type of altercation when the defendant and victim began exchanging words. The defendant indicates the victim reached for something in his pocket at which point the defendant shot the 18-year old victim. The record does not contain any indication, other than defendant’s statement, that the victim had a weapon. Martin was rushed to the hospital where he subsequently died. The defendant called the authorities and turned himself in to the Morehouse Parish Sheriff’s Department.
The defendant argues his sentence is unconstitutionally excessive and that the trial court failed to comply with LSA-C.Cr.P. Art. 894.1. Specifically, defendant argues the trial court did not consider the fact that he was acting under strong provocation, that there were substantial grounds tending to excuse or justify his criminal conduct, that the victim facilitated the crime, that his conduct was the result of circumstances unlikely to recur, and that he is particularly likely to respond affirmatively to probationary treatment.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr. P. Art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance if the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). Secondly, the reviewing court must determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20 (1974), if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980).
Upon sentencing, the trial court specifically mentioned LSA-C.Cr.P. Art. 894.1 and several of the factors to be considered. The court determined the defendant’s conduct caused the most serious harm of all, the death of another person. The court noted the defendant must have realized that his conduct of pointing a gun at an individual and pulling the trigger would cause serious harm. The court found there were no words sufficient enough to provoke the defendant to such an extent. The court did not consider the conduct of the victim to be substantial grounds tending to excuse or justify the defendant’s criminal conduct. The trial court did find, however, that the victim induced or facilitated the crime by his exchange of words with the defendant and his sister. The court noted the compensation factor is not applicable because the victim is dead. The court reviewed the defendant’s prior criminal history which included convictions for criminal damage to property, disturbing the peace, drunk in public, aggravated assault, simple burglary, and driving while intoxicated. The present conviction is the defendant’s first felony conviction.
The trial court reviewed defendant’s personal history noting that he was single, the last grade of education which he completed was the sixth grade, and that he admitted *1159 drinking four six packs of beer and a pint of gin, along with smoking one marijuana cigarette, each day. The court also noted he had held only two part-time jobs. The court found the defendant’s age, his previous record, and the seriousness of this offense to be aggravating circumstances while the mitigating circumstances were the defendant’s limited education and no steady work experience. The court stated there was an undue risk that defendant would commit another crime if he were on probation and that the defendant was in need of correctional treatment. Finally, the court determined that a lesser sentence would deprecate the seriousness of the offense.
We find the trial court fully complied with LSA-C.Cr.P. Art. 894.1.
Addressing defendant’s claim that his sentence is unconstitutionally excessive, we find that given the circumstances of this case and the background of the defendant, his sentence is not unconstitutionally excessive. While maximum sentences are generally only appropriate in cases involving the most serious violation of the offense and the worst type of offender, if the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984).
In this case the offense clearly involved violence upon a victim and the defendant reduced his potential exposure from life imprisonment without benefit of parole, probation, or suspension of sentence for the second degree murder charge down to 21 years maximum for the manslaughter charge. However, the trial court stated, “... it is apparent to the court that you and the victim were having some rather heated exchange of words and that I think probably the manslaughter statute fits this kind of crime better than anything else....” It cannot be said that the offense to which the defendant pled, manslaughter, does not adequately describe his conduct, because the trial court found it does adequately describe his conduct. While manslaughter describes the defendant’s conduct, the elements of second degree murder are also present. The facts revealed by this record indicate the provocation necessary to reduce this offense from second degree murder to manslaughter existed only by the narrowest of margins, thereby placing this manslaughter in the most serious of manslaughter violations.
It should be noted that defendant could have been but was not charged with the use of a firearm in the commission of the offense under LSA-C.Cr.P. Arts. 893.1 and LSA-R.S. 14:95.2 as provided at the time this offense was committed. These statutes would have mandated that the sentence be without parole and that an additional sentence of two years without benefit of parole, probation or suspension of sentence be imposed. Thus, defendant did not receive the maximum sentence which could have been imposed for his conduct in committing manslaughter with a firearm.
Defendant has no prior felony convictions, but he has prior convictions for misdemeanors involving violence. At age 23 he cannot be regarded as a youthful offender. The killing of another person is a very serious crime, and although there may have been provocation, there was no justification for the killing. All factors considered, we find no abuse of discretion by the trial court in imposing the 21 year sentence, which we hold was not unconstitutionally excessive.
For the foregoing reasons, the defendant’s 21 year sentence for manslaughter is affirmed.
AFFIRMED.