611 So.2d 800 (1992)
STATE of Louisiana, Plaintiff-Appellee,
v.
Troy Quentin STEIN, Defendant-Appellant.
No. CR92-183.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1992.
Ron Ware, Lake Charles, for defendant-appellant.
Glenn Alexander, Dist. Atty., Cameron, for plaintiff-appellee.
Before STOKER and YELVERTON, JJ., and PATIN[*], J. Pro Tem.
JOHN A. PATIN, Judge Pro Tem.
Troy Quentin Stein was charged with two counts of vehicular homicide in violation of La.R.S. 14:32.1, by bill of indictment. He entered a plea of no contest to both counts on October 31, 1991. A presentence *801 investigation was ordered. On January 9, 1992 the defendant was sentenced to serve four and one-half years at hard labor, to run concurrently, with credit for time served. The defendant appeals from this judgment, complaining that the sentences were excessive.
On August 11, 1991 witnesses at the scene advised the Cameron Parish Sheriff's Office that a motor vehicle/pedestrian accident had occurred on the beach. Two victims, a fifteen year old female and a seventeen year old male, had been struck and knocked into a ditch. Both died. The defendant had been driving his pickup truck on the beach adjacent to the Gulf of Mexico at Holly Beach. He returned to the scene of the accident and was arrested by deputy sheriffs for two counts of vehicular homicide, D.W.I. first offense, hit and run, failure to maintain control, speeding and having only one headlight.
A review of the record for errors patent reveals that the sentence imposed was not in accord with statutory requirements. The penalty for vehicular homicide (La.R.S. 14:32.1) is as follows:
B. Whoever commits the crime of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars and shall be imprisoned with or without hard labor for not less than two years nor more than fifteen years.
Although the statute mandates both a fine and imprisonment, only imprisonment was ordered and no fine was imposed.
The Louisiana Supreme Court addressed this issue in State v. Jackson, 452 So.2d 682 (La.1984) as follows:
However when a defendant alone appeals and the record contains a patent error favorable to the defendant, the appellate court should ignore the error, unless the prosecution, having properly raised the issue in the trial court, has sought appellate review.
Since the state has not complained of this error, favorable to the defendant, we will not remand for correction of this technically illegal sentence. State v. Danny Phillips, 606 So.2d 49 (La.App. 3d Cir.1992).
Appellant complains that the sentences imposed are excessive. The record reflects that the court followed the new sentencing guidelines (new La.C.Cr.P. art. 894.1). While the Louisiana Sentencing Commission by emergency rule published in Vol. 17, No. 12 of the Louisiana Register on December 20, 1991, provided that the sentencing guidelines would become effective on January 1, 1992, the new La.C.Cr.P. art. 894.1 did not become effective until January 31, 1992, thirty days after the effective date of the guidelines. Sec. 2 of Acts 1991, No. 22. Since sentence in this case was imposed on January 9, 1992 a review for excessiveness must be under the standards of old Article 894.1.
La.C.Cr.P. art. 894.1, before amendment, provides criteria to aid a sentencing court to determine whether a sentence of imprisonment should be imposed or whether suspension of sentence or probation is warranted. State v. Klause, 525 So.2d 1076 (La.App. 3d Cir.1988). Paragraph (C) requires the court to state for the record the considerations taken into account and the factual basis used when imposing sentence. The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983).
If there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not necessitate a remand for resentencing. State v. Cottingin, 476 So.2d 1184 (La.App. 3d Cir.1985); State v. Morgan, 428 So.2d 1215 (La.App. 3d Cir.1983), writ denied, 433 So.2d 166 (La.1983).
As state in Cottingin, supra:
There are two underlying purposes of the codal requirement that the sentencing court articulate the specific reasons based on particular facts and considerations for imposing a sentence. First, it ensures that the sentence is particularized *802 to the defendant. In addition, it aids the reviewing court in the determination of whether the sentence imposed is excessive by providing an actual indication of whether the sentencing court adequately considered the statutory guidelines. (citations omitted)
The statutory sentencing range for vehicular homicide is a fine of not less than two thousand dollars nor more than fifteen thousand dollars and imprisonment, with or without hard labor, for not less than two years nor more than fifteen years. The trial judge sentenced the defendant to four and one-half (4½) years on each count to run concurrently, with credit for time served.
Defense counsel presents several arguments in support of his contention that the sentence imposed was excessive. He argues defendant does not have a significant criminal record with no juvenile adjudications and only two misdemeanors as an adult. The defendant was only twenty years old at the time he committed this offense and has shown great remorse as well as cooperating with the arresting and jail deputies. Defense counsel submits a suspended term of imprisonment and a term of supervised probation would be the most appropriate sentence under the circumstances. He also contends it was improper for the court to consider the defendant's arrest for possession of marijuana that was never billed or prosecuted. Finally, defense counsel asserts the trial court erred in imposing the maximum penalty available under the sentencing guidelines as such a sentence would normally be reserved for the most egregious offender.
It should be noted that as a first felony offender the defendant in the instant case is eligible for a suspended sentence and probation under La.C.Cr.P. art. 893. However, in selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions and may properly review all criminal activity. A trial court is not required to order a suspended sentence or probation on a first felony offense. The trial judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Withers, 540 So.2d 1052 (La.App.2d Cir. 1989).
In sentencing the defendant, the trial judge stated that he had reviewed the presentence investigation. He noted that if there was any question as to whether or not the guidelines were applicable he resolved it in favor of the guidelines. Based on the guidelines, he determined the crime of vehicular homicide had a seriousness level of three. The judge further determined the criminal history classification to be "F" as the defendant had two misdemeanors and no prior felonies. He also specifically stated he would not consider the charge for possession of a controlled dangerous substance since it was not a conviction. The designated sentencing range fell within the statutory sentencing range and the circumstances of this case did not warrant departure, but the maximum under the guidelines was appropriate as two people died in the accident. Further, concurrent sentences were required because the deaths resulted from a single act. Finally, the trial judge stated he had considered all the mitigating factors including the defendant's youth and past record, but stated the defendant has some sort of problem which can only be addressed in a custodial environment.
The trial court considered the presentence report and the record adequately supports the sentence imposed. Although he followed the new sentencing guidelines, he adequately considered all of the appropriate factors under the old article and furthermore imposed a sentence within the appropriate grid under the new sentencing guidelines. We cannot say these sentences are excessive in light of the possible exposure of fifteen years on each count and the fact that the sentences were ordered to run concurrently.
The conviction and sentences will be affirmed.
AFFIRMED.
NOTES
[*] Judge John A. Patin, retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.