I THIBODEAUX, Judge.
The defendant, Gregory Ford, pled guilty to manslaughter and was sentenced to twenty-five years at hard labor. He appeals. We affirm.
The defendant alleges six assignments of error. Essentially, he assails the propriety of the sentence imposed by the trial judge on the basis of excessiveness and failure to apply the felony sentencing guidelines.

J¿FACTS

On or about April 20, 1994, defendant and Catherine Price Green (defendant knew her as Cathy Price) had gotten a ride from Darrell Levings in order to purchase $50 of crack cocaine. The vehicle stopped in front of the residence of the victim, Damien Victorian. The victim approached the vehicle to show Price the rocks of crack cocaine. While showing Price the crack cocaine, someone hit the victim’s elbow, knocking the crack cocaine to the floor of the vehicle. When the victim entered the vehicle to collect the rocks of crack cocaine, an argument or fight ensued with the driver. In the ensuing confusion several shots were fired. The victim was fatally shot with one bullet to his lower abdomen. The driver did not know that Ford had the gun. It was later determined that the gun belonged to Price and that Price had given the gun to defendant prior to their arriving at the victim’s residence.

LAW AND DISCUSSION

State v. Smith, 639 So.2d 237, 240 (La.1994), recently held that:
(1) while a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for imposition of that sentence, La.Code Crim.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that *108 sentence, an appellate court is limited to a review of the sentence imposed for constitutional exeessiveness without regard as to whether the trial judge either employed or deviated from the Guidelines. (Footnote omitted).
In stating for the record the considerations taken into account and the factual basis for imposition of the sentence, the trial judge noted the following:
JaTHE COURT:
Mr. Ford, you’re charged with one count of manslaughter which was reduced from second degree murder. The facts indicate that on a certain day that you and a female and someone else went to purchase some cocaine, rock crack cocaine, from some individuals. And that while the transaction was going on something happened which caused you to shoot not only one person, but two persons. One of them you shot twice, and the other one you shot one time. The one you shot one time died.
Your letter to me, which I can’t find for some reason, and your statements to Mr. Schrock, the probation officer that did this report, you claim that there was a weapon involved which the victim had or the persons with him which initiated this shooting. I’ve contacted Mr. Frey in the D.A.’s office and asked him to submit me a report as to any other weapons that were found at the scene or on the person of anybody involved in this altercation. Mr. Frey has informed me that there were absolutely no weapons involved in this situation, other than the one that you used to shoot the victim who died of gunshot wounds.
Well, this Court has reviewed the sentencing guidelines. And this Court finds that the guidelines are inapplicable in this particular matter. This Court finds Mr. Ford that you intentionally placed more than one person in jeopardy of their life. In fact, you shot two of them. This Court finds that you were involved in a narcotics transaction when this matter occurred. This Court finds from the presentence investigation that you have a history of drug abuse and probably drug dealing. I did receive a request from a Ms. Fondel, May-óla Fondel, to be lenient on you, which I decline to do. And Ms. Fondel was under the impression that you weren’t doing any drugs. I notified Ms. Fondel that that was incorrect, that you were doing drugs, and you had been doing drugs.
⅜ ⅜ ⅜ ⅜ ⅜ ¾:
You got a 380 weapon. You got drugs. You shoot two people. I see no reason why this Court should apply the guidelines and give you any break. If I recall, five, six, seven years ago, Mr. Ford, you weren’t in any trouble. You were doing all right. And then you decided to change. And to be honest with you, let me tell you. There wasn’t too many people that had anything good to say about you. I can tell you right now. You lost your family as I understand it as a result of drugs. You lost your job. Now, you’ve done killed somebody. And you want mercy from this Court. I don’t even seen any remorse on your behalf. 14In fact, if I recall correctly, when you entered this plea you smiled or something. That really bothered me.
You just happened to be sitting in the car in a drug deal.
All right. That means you’ll be eligible for parole. I’m taking all this into consideration while I’m sentencing you Mr. Ford.
Mr. Gregory Ray Ford, for the crime of manslaughter, first offense, this Court sentences you to 25 years in the Louisiana Department of Corrections.
In State v. Stein, 611 So.2d 800, 801 (La.App. 3d Cir.1992), this court stated: “the trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant’s sentence.”
In State v. Pontiff, 604 So.2d 71, 76 (La.App. 3d Cir.1992), this court stated: “the sentencing court need not articulate every circumstance or read through a checklist of items to comply with the requirements of La.Code Crim.P. art. 894.1.”
The trial judge considered and rejected the sentencing guidelines, finding them *109 inapplicable to this particular ease. Furthermore, the record clearly shows that the trial judge more than adequately articulated the various considerations he thought appropriate and stated the factual basis for his decision to impose a 25 year sentence. We can find no reason to overturn that decision.
Article 1, § 20 of the Louisiana Constitution of 1974, prohibits “cruel, excessive, or unusual punishment.” A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3d Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that 15&e sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3d Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210, 1217 (La.1982).
La.R.S. 14:31 provides in pertinent part:
Whoever commits manslaughter shall be imprisoned at hard labor for not more than forty years. However, if the victim was killed as a result of receiving a battery and was under the age of ten years, the offender shall be imprisoned at hard labor, without benefit of probation or suspension of sentence, for not less than two nor more than forty years.
Defendant was sentenced to twenty-five (25) years at hard labor, less than the maximum provided by law. The trial judge noted for the record defendant was a first felony offender. The trial judge also noted no firearm enhancement was filed against defendant because of defendant’s plea. He further noted defendant was charged with one count of manslaughter which was apparently reduced from second degree murder. This crime was needless and senseless. The 25 year sentence is not at all grossly disproportionate to the severity of the crime so as to shock our sense of justice.

ERROR PATENT

La. Code Crim P. art. 880 provides that when imposing sentence the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so. Thus, the defendant’s sentence is amended to reflect that the defendant is given credit for time served prior to the execution of the sentence. See La.Code | fiCrim.P. art. 882 A. Resentencing is not required. However, this ease is remanded and the district court is ordered to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. State v. Jones, 607 So.2d 828 (La.App. 1st Cir.1992), writ denied, 612 So.2d 79 (1993).

CONCLUSION

Defendant’s conviction and sentence are affirmed. This case is remanded to the trial court for the sole purpose of amending the commitment and minute entry of the sentence to reflect that Gregory Ford is given credit for time served.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.