| iYELVERTON, Judge.
A grand jury indicted Troy Raehal for the negligent homicide of Ora Murray, a violation of La.R.S. 14:32. He was tried by a six-person jury, found guilty as charged, and sentenced to serve five years at hard labor. A Motion to Reconsider Sentence and a Motion for Appeal were filed by the defendant; the Motion for Appeal was granted, and the Motion to Reconsider Sentence was set for hearing.
This case is the defendant’s second appeal. Before the trial court acted on the defendant’s Motion to Reconsider, the defendant’s first appeal was lodged with hthis court. Thereafter, the trial court denied the Motion to Reconsider Sentence, but the original appellate record was never supplemented to include that ruling. In his first appeal, the defendant asserted several assignments of error including excessiveness of his sentence. On March 5,1997, in an unpublished opinion, this court affirmed the conviction but remanded the matter to the trial court with instructions to act on the Motion to Reconsider Sentence, or if the motion had been ruled on — and it had by this point — to allow the defendant to re-lodge his appeal with respect to the issue of sentencing. The defendant now appeals his sentence.

FACTS

On April 18, 1992, the defendant was driving his vehicle on Evergreen Street where he lived, accompanied by his cousin and infant son. The defendant stopped his vehicle in the middle of the street to talk to some young ladies. The victim, Ora Murray, was driving his car behind the defendant’s vehicle and had to stop. Murray began blowing his horn and profanities were exchanged between the two vehicles. The victim drove around and parked his vehicle somewhere in front of the defendant’s vehicle. The victim then exited his vehicle and approached the defendant’s vehicle. The victim had nothing in his hands. The witnesses gave conflicting versions of what happened when the victim reached defendant’s car. According to some witnesses, upon reaching the defendant’s vehicle, the victim merely stood at the open window and talked with the defendant. According to others, the victim immediately *680 reached through the window and attacked the defendant. At some point, the victim did reach into the defendant’s window. The defendant gave a statement on the day of the | ^homicide that when the victim attacked him, he reached into his glove compartment, pulled out his newly-acquired gun, and shot him. His trial testimony was that when he produced the gun there was a struggle over it and it went off. The victim was shot once in the chest. After being shot, the victim came away from the vehicle holding the gun. He later died.

ASSIGNMENTS OF ERROR:

The defendant contends that the trial court erred by failing to sufficiently set forth its reasons for imposition of sentence and by imposing an unconstitutionally excessive sentence. He was sentenced to serve five years at hard labor, the maximum for the crime for which he was convicted, negligent homicide. La.R.S. 14:32(C).
The defendant contends the trial court erred by failing to sufficiently articulate its reasons for sentence as required by La.Code Crim.P. art. 894.1. With respect to the issue of compliance with Article 894.1, this court has stated:
The Legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. La.Code Crim.P. art. 894.1; State v. Klause, 525 So.2d 1076 (La.App. 3 Cir. 1988). Paragraph C of Article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The sentencing court need not articulate every circumstance or read through a checklist of items to comply with the requirements of La.Code Crim.P. art. 894.1. State v. Pontiff, 604 So.2d 71 (La. App. 3 Cir.1992). However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983).
If 'there is an adequate factual basis for the sentence contained in the record, the trial court’s failure to articulate Levery circumstance listed in Article 894.1 will not necessitate a remand for resentencing. State v. Cottingin, 476 So.2d 1184 (La.App. 3 Cir.1985), appeal after remand, 496 So.2d 1379 (La.App. 3 Cir.1986); State v. Morgan, 428 So.2d 1215 (La.App. 3 Cir.1983), writ denied, 433 So.2d 166 (La.1983); See also, Smith, 433 So.2d 688 and State v. Stein, 611 So.2d 800 (La.App. 3 Cir.1992). Even though art. 894.1 has undergone several major revisions, the reasoning used in these cases is still applicable.
State v. Anderson, 95-1688 (La.App. 3 Cir. 5/8/96); 677 So.2d 480, 483.
At the sentencing hearing, the trial judge stated its reasons for imposing the maximum sentence as follows:
... you’re present before me today for sentencing in Docket Number 3 — 233,307, State of Louisiana versus Troy Rachal, after having been adjudged guilty of violating Louisiana Criminal Code Statute, uh, Title 14 Section 31, Negligent Homicide, by a jury of your peers. It is my duty, very regretfully, to sentence you. That— and I’m sentencing you the way I am because I find the circumstances of this case so senseless. So unnecessary. It just shows the — the problems we’re having with the respect for human life, where people are killing each other for nothing. For nothing. What we have to realize, when we talk about killing each other is, you can’t fix it. After you’ve done it, you can’t fix it. You know, if I steal five Hundred Dollars from you and you catch me, you can make me give it back. But if you kill me for taking your Five Hundred Dollars, you don’t get it back. And that’s the situation with the victim in this case.
Your counsel has — has told me about the quality of your life at this time, and how it is positive. How it appears to be productive, and how it has promise. And I admire that. I believe in conversion. But, you see, I have a problem with something here at the other end with your victim, there’s a finiteness there that I cannot fix. That no one can fix. You see? So it can’t go unpunished. It cannot go without an accounting. It’s not a debt we can cancel with bankruptcy. Because we’re talking about a human life....
*681 |5The trial court focused on the fact that the defendant’s crime had resulted in the taking of a human life. Although the trial court noted mitigating factors such as the quality of the defendant’s present life, the court sentenced him to serve the maximum sentence. The trial court complied with Article 894.1. Negligent homicide by definition results in the death of a person, but there is a difference when the instrumentality of death is a gun. Guns are designed to kill. Thus, other reasons for imposition of the maximum statutory sentence existed besides the fact of a death. The sentencing judge believed that a lesser sentence would deprecate the seriousness of the defendant’s crime. We conclude that the trial court’s articulation of its reasons for sentence was sufficient.
The defendant further argues that his sentence is unconstitutionally excessive. Maximum sentences are reserved for the most egregious and blameworthy of offenders. State v. Pyke, 95-919 (La.App. 3 Cir. 3/6/96); 670 So.2d 713; State v. LeBlanc, 578 So.2d 1036 (La.App. 3 Cir.1991), writ denied, 620 So.2d 833 (La.1993); State v. Mallett, 552 So.2d 28 (La.App. 3 Cir.1989), writ denied, 556 So.2d 1258 (La.1990), writ denied, 558 So.2d 567 (La.1990), citing State v. Telsee, 425 So.2d 1251 (La.1983). The defendant was charged with and convicted of negligent homicide, a crime which requires proof of criminal negligence. Although the State claims in its memorandum the shooting was “an intentional act,” the defendant was not originally charged with the greater offense of manslaughter, which does contain an intent element. See La.R.S. 14:31.
La.Code Crim.P. arts. 893.1 — 893.3 allow the district attorney to seek enhancement of a felony sentence when a firearm was used in the commission of the |6crime. Certain procedural requirements must be met under the firearm enhancement provisions including written notice and hearing. Article 893.3, as applied to a negligent homicide case in which a firearm was used, would mandate that the maximum sentence of five years be imposed without the possibility of suspension of sentence. Furthermore, the sentencing court could order that the defendant would not be eligible for parole. A five-year sentence imposed pursuant to the firearm enhancement provisions has been upheld against challenges based on excessiveness in the case of a first time offender convicted of negligent homicide. See State v. Barberousse, 480 So.2d 273 (La.1985) (the defendant was convicted for the fatal shooting of his sister which occurred during a family dispute). In the present case, the State did not seek to enhance the defendant’s sentence pursuant to the firearm enhancement articles. The defendant is thus eligible for parole. This benefit can be properly taken into account in determining whether the sentence was excessive. See State v. Byrd, 476 So.2d 593 (La.App. 3 Cir.1985) and State v, Wilson, 542 So.2d 1157 (La.App. 2 Cir.1989). We find that the sentence was not constitutionally excessive.
AFFIRMED.